IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JESSICA C. DAVIS, individually and as Personal representative of the Estate of Legacy A. Simpkins,** <br><br> **Plaintiff,** <br><br> v. <br><br> **GLAXOSMITHKLINE LLC,** <br><br> **Defendant.** | S.D. Fla. Case No. <br><br> State Case No. CACE-19-023387 <br> Division: 04 |

### GLAXOSMITHKLINE LLC'S NOTICE OF REMOVAL

Defendant GlaxoSmithKline LLC ("GSK") respectfully requests that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,[1] the above-entitled action be removed to the United States District Court for the Southern District of Florida from the Seventeenth Judicial Circuit of Florida. In support of its Notice of Removal, GSK states as follows: Plaintiff filed this civil action on November 12, 2019, in the Seventeenth Judicial Circuit of Florida, in and for Broward County, Florida, styled *Jessica C. Davis, et al. v GlaxoSmithKline LLC*, Case No. CACE-19-023387. A true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of Removal.

This is one of a number of products-liability cases now pending in federal court involving allegations that Zofran® and/or its generic form, ondansetron, a prescription medication for treatment of nausea, causes birth defects in children when their mothers ingest the drug while pregnant. On October 13, 2015, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that these actions should be centralized and, for this reason, began to transfer similar lawsuits to the Honorable F. Dennis Saylor IV of the District of Massachusetts

---

[1] By removing this action to this Court, GSK does not waive any defenses, objections, or motions available under state or federal law.

for consolidated pretrial proceedings. (*See* JPML Transfer Order, Exhibit 2). The JPML reasoned that "[c]entralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings on pretrial matters; and conserve the resources of the parties, their counsel and the judiciary." *Id.* As explained below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between Plaintiff and GSK, and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

I. **THE NOTICE OF REMOVAL IS TIMELY**

To date, GSK has not been served with a complaint or summons in this case. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), which requires removal within 30 days of a defendant having been served with "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . ." *See Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F. Supp. 37, 39 n.2 (S.D. Fla. 1986) ("It is axiomatic that a defendant who receives a copy of the complaint prior to legal service upon him may file his petition for removal then. Lack of service of process is not a bar to removal.") (internal citations omitted).

II. **VENUE IS PROPER IN THE SOUTHERN DISTRICT OF FLORIDA**

The United States District Court for the Southern District of Florida is the proper venue for removal under 28 U.S.C. § 1441(a) because the Southern District of Florida encompasses Broward County, Florida, the forum where this suit was initiated. *See* 28 U.S.C. § 89(c).

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because (i) there is complete diversity between Plaintiff and GSK; and (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

#### A. Diversity of Citizenship Exists Between the Parties.

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. Removal under 28 U.S.C. § 1441(b) is appropriate in this matter because complete diversity of citizenship exists between Plaintiff and GSK, and GSK is not a citizen of Florida, the state in which this action was brought.

Plaintiff Jessica Davis asserts claims individually and as the personal representative of the Estate of L.S. Plaintiff Davis is a resident and citizen of Florida. (Petition for Administration at ¶ 1, attached to Plaintiff's Compl. as Ex. A, attached hereto as Ex. 1). L.S. was a resident and citizen of Florida. (*Id.* at ¶ 2.) GSK is, and was at the commencement of this action, a citizen of the State of Delaware for purposes of diversity jurisdiction. GSK is a limited liability company. For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of its members. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). The sole member of GSK is, and was at the commencement of this action, GlaxoSmithKline Holdings (Americas) Inc. ("GSK Holdings"). Under the Supreme Court's ruling in *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010), a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business, as determined by the "nerve center" test. Under this two-part analysis, because Delaware is both GSK Holdings' state of incorporation and the location of its principal place of business, GSK Holdings is solely a citizen of Delaware.

Therefore, GSK also is solely a Delaware citizen. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 356–57, 360 (3d Cir. 2013).

### B.  The Amount in Controversy Exceeds $75,000

Removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B). It is apparent from the face of the Complaint and the serious injuries alleged that the amount in controversy exceeds $75,000. In the Complaint, Plaintiff asserts claims for wrongful death and damages allegedly experienced by L.S. as a result of prenatal exposure to ondansetron. (Compl. ¶ 23). Specifically, Plaintiff alleges her use of ondansetron during her pregnancy with L.S. caused L.S. to "pass away on November 14, 2017" as a result of "(1) Neu-Laxova Syndrome; (2) Extreme low birth weight; (3) Cardiorespiratory Arrest." (Compl. ¶ 20-21). Plaintiff "demand[s] judgment against Defendants [sic] for general damages and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled." (*See* Compl. at 5).

Although the Complaint does not demand a specific dollar amount in damages,[2] the Petition for Administration appended to the Complaint states that "the estate is expected to receive proceeds in excess of $75,000 in a future action for the wrongful death of Decedent." (Compl. Ex, A, ¶ 6). Moreover, preponderance of the evidence demonstrates that the matter in controversy exceeds $75,000, exclusive of interest and costs. As the Supreme Court held, a removing defendant is not required to provide evidence to support the amount in controversy in its Notice of Removal. "[A]ll that is required is a 'short and plain statement of the grounds for removal,' including 'a

---

[2] The Complaint merely states that "amount in controversy exceeds $15,000 excluding interest, costs, and attorney's fees." (Compl. ¶ 5).

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014).

The over 400 cases now pending against GSK in MDL No. 2657 located in the District of Massachusetts assert similar birth defect claims as those alleged by Plaintiff and seek damages in excess of $75,000.[3] Based on the nature of the alleged injuries and claims and the requested relief, it is apparent that Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs.[4] The amount in controversy, therefore, exceeds the threshold for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## IV.   FILING OF REMOVAL PAPERS

Pursuant to 28 U.S.C. § 1446(d), GSK will promptly file a copy of this Notice of Removal with the Seventeenth Judicial Circuit of Florida and will serve a copy of the same upon counsel for Plaintiff. By filing this Notice of Removal, GSK does not waive any jurisdictional or other defenses that might be available to it.

GSK reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, GSK hereby removes this action from the Seventeenth Judicial Circuit of Florida to the United States District Court for the Southern District of Florida, pursuant to 28

---

[3] *See* Master Long Form Complaint and Jury Demand – Brand Zofran® Use, at ¶ 13, No. 1:15-md-02657-FDS (Doc. 255) (Exhibit 3).

[4] Moreover, in cases involving allegations of congenital defects or birth injuries, juries nationwide have awarded plaintiffs in excess of $75,000 in damages. *See, e.g.*, *Tobin v. Astra Pharm., Inc.*, No. 88-0350-L(CS), 1 Exp. Wit. 22873 (W.D. Ky. Mar. 8, 1991) (awarding $4.5 million to compensate plaintiff for congestive heart failure and heart transplant allegedly caused by use of defendant's prescription medication during pregnancy); *White v. Behlke*, 24 Nat. J.V.R.A.7:C1, 1000 WL 177472 (Pa. Com. Pl. Nov. 17, 2008) (awarding $20.5 million in damages for birth defects caused by defendant doctor's malpractice); *Estrada v. Univ. of S. Fla. Bd. of Trustees*, 22 Nat. J.V.R.A. 10:C3, 2007 WL 7952305 (Fla. Cir. Ct. July 23, 2007) (awarding $23.55 million in damages as a result of a doctor's malpractice that resulted in plaintiff's child being born with birth defects), collectively attached as Exhibit 4. *See also Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31, 40 (Miss. 2004) (jury award of $7.5 million for supraventricular tachycardia allegedly caused by use of prescription drug) (verdict overturned on appeal on procedural grounds).

U.S.C. §§ 1332, 1441 and 1446, and states that no further proceedings may be had in the state action.

Dated:  November 26, 2019          Respectfully submitted,

By: /s/ *William P. Geraghty*
William P. Geraghty
Florida Bar No. 89508
wgeraghty@shb.com
SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

*Counsel for Defendant GlaxoSmithKline LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of November, 2019, a true and correct copy of the foregoing has been filed via the Court's CM/ECF case management system, and served via electronic mail to counsel listed below:

A. Jordan Felix
Florida Bar Number: 0089024
P.O. Box 40004
Jacksonville, FL 32203
Phone: (904) 403-1009
Fax: (904) 404-8356
Email: aj@ajfesq.com
*Counsel for Plaintiff*

*William P. Geraghty*
William P. Geraghty (Florida Bar No. 89508)